# JULY TERM, 1845.

JONES vs. HUNTINGTON.

Jones, the complainant, had a judgment against one Hamilton. Myers was indebted to Hamilton, and one Huntington to Myers.

A court of chancery has no power to compel Huntington to pay the debt of Hamilton.

ERROR to Platte.

JONES, *per se.*

POINTS AND AUTHORITIES.

1. That complainant is without remedy at law.

2. The jurisdiction of a court of chancery, in Missouri, extends to all cases in which adequate relief cannot be had in the ordinary course of proceeding at law. (Rev. S. Mo. 506.)

3. That a court of equity has jurisdiction where there is a clear right, and there is no remedy in a court of law, or the remedy is not plain, adequate and complete, and adapted to the particular exigency. (Story's Equity Pl. 374, 372; 1 Story Equity Jurisprudence 32; 1 Bl. Com. 42.)

4. That a judgment creditor who has taken out execution, without satisfaction, may confiscate a debt due his debtor in chancery. (Wright's Ohio Rep. 245, 267; 3 Marshall Rep. 69; 2 Marshall Rep. 301; 2 Johnson Chy. Rep. 295; 1 Am. Chy. Digest 159, 160.)

SCOTT, J., delivered the opinion of the court.

This was a bill in chancery, filed by the complainant Jones, under the following circumstances: Jones recovered a judgment against Hamilton, on which an execution was issued, and returned *nulla bona.*

Samuel T. Myers, of the State of Illinois, was indebted to Hamilton. John Huntington, of Platte county, in this State, was indebted to Myers. The bill seeks to attach the debt due by Huntington to Myers in satisfaction of the debt of the complainant Jones, on the ground that Myers is a non-resident, and indebted to Hamilton, the defendant in the execution. On a demurrer the bill was dismissed, and from the decree of dismissal, the complainant appealed.

It is hard to imagine a ground on which this proceeding can be sustained. Myers being a non-resident, and having nothing here on which the jurisdiction of a court of equity could attach, was improperly made a party, and under such circumstances no court would have been warranted in rendering a decree against him. Such a decree would have been null and void. The objection however arising from the fact of his non-residence has been obviated by his appearing in court, and entering a demurrer to the bill. He can no longer insist that the courts of this State have no jurisdiction of his person. But although he has given the complainant this advantage, on what principle can he support his proceeding? The case in the bill would go a bow-shot further than any yet has gone. A debtor of the defendant in the execution has, under some circumstances, been made to pay his debt to the plaintiff, but by this bill the plaintiff in an execution seeks to recover his debt from one who is indebted to the debtor of the defendant. Into what an embarrassing and complicated investigation would this lead the courts? It would necessarily require the adjustment of two controversies in one suit, and lead to an improper joinder of actions, or as it is called in courts of equity, to multifariousness. Our statute made a great stride when it authorized the attachment of debts due to the defendant in an execution, a stride whose justification can only be found in the great relaxation of the salutary rigor of our former laws relative to the collection of debts.

In the case of Egberts vs. Pemberton, 7 John. Ch. Rep. 210, Chancellor Kent, speaking of the former cases relative to the attachment of the debts due to a judgment debtor, remarked, that they only applied to property held in trust for the debtor, and they did not authorize any general interference with the debts due to the debtor. But when there is a specific judgment debt due to the debtor, and he has no property which can be reached by $fi.\ fa.$ at law, it seems to be within the principle and equity of the cases, that the judgment creditor should be enabled by the aid of a court of chancery, to attach that debt. To help the judgment creditor so far as to secure to him the appropriation of a judgment debt due to his debtor, is perfectly reason-

able, and leads to no embarrassing investigation of the business and dealings between debtor and those indebted to him. A judgment debt is a liquidated demand, reduced to a certainty, and it may without any great stretch of presumption, be considered as so much money held in trust.

From this it will be seen that our statute respecting the attachment of debts on execution has gone further than courts of equity in giving relief to judgment creditors. Whether our courts of equity when applied to, would confine their relief to cases in which it was given before the statute, or whether they would to the extent of the statute, it is not necessary now to determine. It seems clear that no court should go the length desired by the complainant without expressed legislative enactment, seeing the difficulties and embarrassments with which the proceeding would be encumbered.

The agument that a court of equity has jurisdiction, because otherwise the complainant would be without a remedy, is totally misapplied when used in support of this procedure. It is begging of the question, to say, that the complainant has right against the debtor of Myers. The effect of the argument is, that a creditor may, in a court of equity, compel a third person to pay his debt, because his debtor is unable to do it.

The other judges concurring, the decree will be affirmed.

Decree affirmed.